Richard D. LANHAM, Plaintiff–Appellant,

v.

NORFOLK SOUTHERN RAILWAY COMPANY; Brotherhood of Maintenance of Way Employees, Defendants–Appellees.

No. 01–5386.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before BATCHELDER and COLE, Circuit Judges; GWIN, District Judge.*

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Richard D. Lanham, a Kentucky resident proceeding pro se, appeals the district court order of summary judgment in this case seeking review of an arbitration award pursuant to the Railway Labor Act (RLA), 45 U.S.C. § 153. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking reinstatement and back-pay, Lanham filed a complaint in the district court for review of a decision of the Special Board of Adjustment No. 1049 (the Board). He named as defendants his former employer Norfolk Southern Railway Company (Norfolk), and his former union the Brotherhood of Maintenance of Way Employees (the Brotherhood). Lanham claimed that he was required to submit to an unauthorized physical examination which led to his termination for failure to complete a drug rehabilitation program. The Brotherhood represented Lanham in a claim before the Board, and the Board upheld Norfolk's decision. In an order entered May 31, 2000, the district court granted the Brotherhood's motion to dismiss based upon the applicable statute of limitations. Lanham filed a motion for reconsideration, and Norfolk moved for summary judgment. The district court denied Lanham's motion and granted Norfolk's motion in an order entered March 14, 2001. Lanham appeals that order.

On appeal, Lanham argues that the district court failed to recognize that: (1) the physical examination was not appropriate; (2) Lanham filed grievances concerning the physical examination and drug screen; (3) Norfolk and the Brotherhood practiced fraud or corruption; (4) Norfolk released information that was protected by federal law and regulations; and (5) the Board's decision was "wholly baseless and without reason" because it required him to waive his rights to re-enter employment.

Initially, we note that Lanham does not argue that the district court erred by dismissing the Brotherhood as a defendant. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Accordingly, we address only the district court's grant of summary judgment in favor of Norfolk.

Upon de novo review, we conclude that the district court properly granted summary judgment to Norfolk. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). The standard of judicial review of a Board of Adjustment determination under the RLA is "among the narrowest known to law." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999) (citation omitted). Judicial review may be invoked only where: (1) the board failed to comply with the requirements of the RLA; (2) the board exceeded its jurisdiction; or (3) there was fraud or corruption by the board. 45 U.S.C. § 153 First (q). *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978).

Norfolk was entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Norfolk dismissed Lanham from his position as a machine operator in 1996. Lanham had been injured in an auto accident, and Norfolk required him to undergo a physical examination before returning to work. His urine sample tested positive for marijuana. After a counselor expressed the opinion that Lanham had an addiction, Lanham refused to participate in the drug rehabilitation program. The Board upheld Lanham's dismissal but gave him an additional opportunity to enter the rehabilitation program and regain his position.

Lanham again refused to participate in the program and was not rehired.

Lanham presented no evidence that the Board failed to comply with the RLA, acted outside of its jurisdiction, or committed fraud or corruption. *See* 45 U.S.C. § 153 First (q); *Sheehan,* 439 U.S. at 94, 99 S.Ct. 399. He argued that Norfolk violated federal regulations by ordering him to take the physical, that Norfolk ignored his written protest and request for a hearing, and that he wanted to see his own doctor for rehabilitation. The Board found that the physical examination was appropriate and that the real question was Lanham's failure to participate in the rehabilitation program. Because the Board's decision to uphold Lanham's dismissal was not wholly baseless or without foundation and reason, the district court properly dismissed Lanham's case. *See Schneider v. S. Ry.,* 822 F.2d 22, 24 (6th Cir.1987).

Lanham's arguments on appeal are without merit. Although he expresses disagreement with Norfolk's methods and the Board's decision, Lanham is unable to point to anything in the record that would justify overturning the Board's decision under the very limited judicial review available under the RLA.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.